## 33109. HIGHTOWER *v.* VAN RITCH.

FELTON, J. Van Ritch sued H. E. Hightower for the purchase-price and installation cost of a carpet installed in the home of the defendant. The defendant answered alleging: rescission and release of a contract of sale for a carpet; a sale and installation of a carpet on a trial and approval basis, after the rescission of the original contract, and disapproval of the carpet and installation thereof; that, even though a contract of sale was found to exist, the consideration therefor had totally and partially failed. The jury returned a verdict in favor of the plaintiff for the full amount sued for. The defendant moved for a new trial on the general grounds, and on special grounds based on alleged errors of the judge in the refusal to make certain charges to the jury. The court overruled the motion for a new trial and defendant excepts. *Held:*

1. Ground two complained of the failure of the court to charge without request the law applicable to sale on trial and approval. Under the pleadings and the evidence the jury was authorized to find that the carpet was sold to and installed in the home of defendant on trial subject to the approval of defendant, and that within a reasonable time defendant disapproved the carpet and installation and that notice of such disapproval was given the plaintiff, and it was error for the court to fail to charge the applicable law.

2. Ground three complained of the failure of the court to charge without request the law on rescission and release of contracts. The court erred in failing to so charge. There was evidence that a contract of sale was entered into on November 17, 1947, and that within a month or six weeks thereafter there was a mutual rescission and release of the contract, and under the evidence the jury would have been authorized to find such to be the true facts of the case. While the court did charge "Another contention of the defendant is, that the original contract was rescinded, and that there was no existing contract when the merchandise was installed," this did not amount to a charge upon the law of rescission and release.

3. Ground six complained of the failure of the court to charge without request the law on partial failure of consideration. Failure of consideration was one defense relied upon by the defendant. There was evidence that the carpet was improperly installed; that immediately after the installation the carpet began excessive shedding and that such excesssive shedding had continued to the date of trial; that the carpet was worth only approximately $500 to $700 six months after installa-

tion; that the purchase-price of the carpet was $1155, plus $109 for the cushions and $22.50 for the installation service. There was also evidence that the carpet was totally worthless approximately six months after its installation. The evidence was sufficient to authorize the jury to find that the consideration had partially failed and the court erred in not charging the law applicable to partial failure of consideration.

4. Grounds one, four and five of the amended motion for new trial, as well as the general grounds, are without merit.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

DECIDED JULY 7, 1950.

*P. Z. Geer*, for plaintiff in error.
*Phillip Sheffield, A. H. Gray*, contra.